UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT T. HACKER, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>  v.<br><br>ELECTRIC LAST MILE SOLUTIONS, INC. F/K/A FORUM MERGER III CORP., JAMES TAYLOR, JASON LUO, DAVID BORIS, MARSHALL KIEV, ALBERT LI, and ROBERT SONG,<br><br>    Defendants. | **CIVIL ACTION NO.**<br><br>**2:22-cv-00545-CCC-LDW**<br><br>**MOTION DAY: May 2, 2022** |
| PIERRE FONTAINE, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>  v.<br><br>ELECTRIC LAST MILE SOLUTIONS, INC. F/K/A FORUM MERGER III CORP., JAMES TAYLOR, JASON LUO, DAVID BORIS, MARSHALL KIEV, ALBERT LI, and ROBERT SONG,<br><br>    Defendants. | **CIVIL ACTION NO.**<br><br>**1:22-cv-01902** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF PIERRE FONTAINE FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, <u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 1

ARGUMENT ............................................................................................................ 3

I.    CONSOLIDATION IS APPROPRIATE UNDER RULE 42(a) ..................... 3

        A.    Resolving the Consolidation Issue Is a Prerequisite to the Determination of Lead Plaintiff ................................................................................. 3

        B.    Consolidation of the Related Actions Is Appropriate ............................. 3

II.    MR. FONTAINE SHOULD BE APPOINTED LEAD PLAINTIFF ................ 4

        A.    The PSLRA Standard for Appointing Lead Plaintiff ............................... 5

        B.    Mr. Fontaine Is the "Most Adequate Plaintiff" ......................................... 6

                1.    Mr. Fontaine's Motion Is Timely ............................................... 6

                2.    Mr. Fontaine Has the Largest Financial Interest in the Relief Sought by the Class ................................................................... 6

                3.    Mr. Fontaine Satisfies the Requirements of Rule 23 ................. 7

                      (i)    Mr. Fontaine Satisfies the Typicality Requirement of Rule 23 ................................................................................. 7

                      (ii)    Mr. Fontaine Satisfies the Adequacy Requirement of Rule 23 ................................................................................. 8

III.    MR. FONTAINE'S SELECTION OF COUNSEL MERITS APPROVAL ........ 9

CONCLUSION ....................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
   216 F.R.D. 567 (D.N.J. 2003) ...................................................................................................4

*In re Bear Stearns Co., Inc. Sec., Derivative, & ERISA Litig.*,
   No. 08 M.D.L. No. 1963 (RWS), 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ............................1

*Blake Partners, Inc. v. Orbcomm, Inc.* (*Orbcomm*),
   No. 07-Civ-4517 (WHW), 2008 WL 2277117 (D.N.J. June 2, 2008) ...................................3, 4

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) .................................................................................................7, 9

*Chao Sun v. Han*,
   No. 15-703, 2015 WL 2364937 (D.N.J. May 14, 2015) ...........................................................7

*Eisenberg v. Gagnon*,
   766 F.2d 770 (3d Cir. 1985) ......................................................................................................7

*Fields v. Biomatrix, Inc.*,
   198 F.R.D. 451 (D.N.J. 2000) ...................................................................................................8

*Georgine v. Amchem Prods., Inc.*,
   83 F.3d 610 (3d Cir. 1996) ........................................................................................................8

*Hom v. Vale, S.A.*,
   No. 1:15-cv-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) .....................................1

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990) ................................................................................................3, 4

*Lipetz v. Wachovia Corp.*,
   No. 08-Civ-6171 (RJS), 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) ....................................9

*In re Party City Sec. Litig.*,
   189 F.R.D. 91 (D.N.J. 1999) .....................................................................................................7

*Roby v. Ocean Power Techs. Inc.*,
   No. 14-cv-3799 (FLW) (LHG), 2015 WL 1334320 (D.N.J. Mar. 17, 2015) ............................7

*In re Vonage Initial Public Offering (IPO) Sec. Litig.*,
   No. 07-177 (FLW), 2007 WL 2683636 (D.N.J. Sept. 7, 2007) ................................................6

**Rules & Statutes**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

Fed. R. Civ. P. 42(a) .................................................................................................................1, 3, 4

15 U.S.C. § 78u-4 *et seq.* ................................................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
    No. 04-cv-8141 (S.D.N.Y.) ......................................................................................................10

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
    No. 08-md-1963 (S.D.N.Y.) ....................................................................................................10

*In re Countrywide Fin. Corp. Sec. Litig.*,
    No. 07-cv-5295 (C.D. Cal.) ......................................................................................................10

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
    No. 09-md-2027 (S.D.N.Y.) ....................................................................................................10

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995) *reprinted in* 1995 U.S.C.C.A.N. 730 ..................................10

Lead Plaintiff movant Pierre Fontaine respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of his Motion for the entry of an Order: (1) consolidating the above-captioned related actions pursuant to Fed. R. Civ. P. 42(a) (together, the "Action"); (2) appointing Mr. Fontaine as Lead Plaintiff for a Class (as defined herein) of all persons or entities who purchased or otherwise acquired the securities of Electric Last Mile Solutions, Inc. and/or its predecessor company Forum Merger III Corp. ("ELMS," "FIIU," or the "Company") between November 12, 2020 and February 1, 2022, inclusive (the "Class Period");[1] (3) approving Mr. Fontaine's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Mr. Fontaine respectfully submits that he should be appointed Lead Plaintiff on behalf of all investors who purchased or otherwise acquired ELMS and/or FIIU securities during the Class Period (the "Class"). Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this

---

[1] The above-captioned actions assert nearly identical claims under the federal securities laws during slightly different, albeit overlapping, class periods. For purposes of this memorandum and the accompanying motion, and consistent with the manner in which courts calculate losses to select a lead plaintiff in securities class actions, Mr. Fontaine uses the most inclusive Class Period, namely, the dates between November 12, 2020 and February 1, 2022. *See, e.g., Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) (finding "that the use of [a] longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages" and collecting cases); *In re Bear Stearns Co., Inc. Sec., Derivative, & ERISA Litig.*, No. 08 M.D.L. No. 1963 (RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009) ("[I]n circumstances like the one here, the lead plaintiff analysis should utilize the most inclusive class period because 'it encompasses more potential class members . . . .'") (citations omitted).

litigation, and also whether such movant has made a *prima facie* showing that it is otherwise a typical and adequate class representatives under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Mr. Fontaine incurred a substantial loss—in excess of ***$125,512***—on his Class Period transactions in ELMS and/or FIIU securities as calculated on a last-in-first-out ("LIFO") basis.[2] Accordingly, Mr. Fontaine has a significant financial interest in directing this litigation and recovering on behalf of the putative Class losses attributable to Defendants' alleged violations of federal securities laws—an interest believed to be greater than that of any other qualified movant.

Mr. Fontaine also meets the typicality and adequacy requirements of Rule 23 because his claims are typical of those of absent Class members, and because Mr. Fontaine will fairly and adequately represent the interests of the Class. Accordingly, Mr. Fontaine is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Finally, pursuant to the PSLRA, Mr. Fontaine respectfully requests that the Court approve his selection of Labaton Sucharow as Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Labaton Sucharow is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for defrauded investors.

---

[2] A copy of the PSLRA-mandated Certification is attached as Exhibit A to the Declaration of Joseph N. Cotilletta (the "Cotilletta Decl."), filed contemporaneously. The Certification sets forth all of Mr. Fontaine's transactions in the subject securities during the Class Period. In addition, a table reflecting the calculation of financial losses sustained by Mr. Fontaine on his investments in ELMS and/or FIIU securities during the Class Period is attached as Exhibit B to the Cotilletta Declaration.

Accordingly, Mr. Fontaine respectfully requests that the Court consolidate the above-captioned actions, appoint him as Lead Plaintiff for the Class and approve his choice of counsel.

## ARGUMENT

**I.     CONSOLIDATION IS APPROPRIATE UNDER RULE 42(a)**

**A.     Resolving the Consolidation Issue Is a Prerequisite to the Determination of Lead Plaintiff**

The PSLRA provides that, prior to ruling on any motion for lead plaintiff, the Court must first determine whether to consolidate any pending actions. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii) ("[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-] chapter has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered"); *see also Blake Partners, Inc. v. Orbcomm, Inc.* (*Orbcomm*), No. 07-Civ-4517 (WHW), 2008 WL 2277117, at *3 (D.N.J. June 2, 2008) (consolidating actions that "present the same or similar theories for recovery"). Once the Court makes the consolidation ruling, the Court is required to "appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §78u-4(a)(3)(B)(ii).

**B.     Consolidation of the Related Actions Is Appropriate**

Under Rule 42(a), consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Orbcomm*, 2008 WL 2277117, at *2. Consistent with this Rule, courts have held that, in order to avoid the unnecessary waste of judicial resources and the additional costs and delay to the parties, lawsuits which involve similar questions of law and fact should be consolidated. The Court has broad discretion to determine whether consolidation is appropriate under Rule 42(a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Consolidation is particularly appropriate in securities class action litigation because the unification

3

of cases expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See e.g., A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570-71 (D.N.J. 2003) (consolidating six related PSLRA actions).

At present, there are two securities class actions pending before this Court against ELMS and certain of its officers and directors. These actions are well-suited for consolidation. The complaints filed in each are substantially similar, as they allege similar violations of law and arise from a common nucleus of facts and circumstances—namely, the dissemination of materially false and misleading statements concerning ELMS' operating and financial results. *See*, *e.g.*, *Johnson*, 899 F.2d at 1285; *Orbcomm*, 2008 WL 2277117, at *3 (consolidating cases "based on Defendants' materially false and misleading public statements and concealment of material information"). Moreover, each complaint alleges similar class periods and are brought against identical defendants. Further, consolidation will avoid duplicative discovery, motion practice, and other proceedings that will result if the related actions are not consolidated. Because these actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits.

Accordingly, Mr. Fontaine respectfully requests that the Court consolidate the above-captioned actions, and any other subsequently filed action pursuant to 15 U.S.C. §78u-4(a)(3)(B)(ii) and Rule 42(a).

## II.   MR. FONTAINE SHOULD BE APPOINTED LEAD PLAINTIFF

Mr. Fontaine respectfully submits that he should be appointed Lead Plaintiff because he timely filed the instant motion, believes he has the largest financial interest of any qualified movant, and that he satisfies the typicality and adequacy requirements of Rule 23.

### A. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class–
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as lead plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

5

      **B.**      **Mr. Fontaine Is the "Most Adequate Plaintiff"**

           **1.**      **Mr. Fontaine's Motion Is Timely**

Mr. Fontaine filed this Motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed related action published a notice on *Business Wire* on February 3, 2022, the day that the initial complaint was filed. *See* Cotilletta Decl., Ex. C. The February 3, 2022 notice, in accordance with the PSLRA, indicated that applications for Lead Plaintiff must be made no later than 60 days from the date on which the notice was published, *i.e.*, April 4, 2022. Mr. Fontaine filed his motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

Mr. Fontaine also filed his own related complaint on April 4, 2022, asserting identical claims against Defendants during a slightly longer, albeit overlapping, Class Period. Mr. Fontaine, and his counsel Labaton Sucharow, accordingly published notice regarding the newly-filed action and slightly expanded Class Period, attached as Exhibit D to the Cotilletta Decl.

           **2.**      **Mr. Fontaine Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Vonage Initial Public Offering (IPO) Sec. Litig.*, No. 07-177 (FLW), 2007 WL 2683636, at *4 (D.N.J. Sept. 7, 2007) (describing PSLRA standards for appointment of lead plaintiff).

Mr. Fontaine incurred a substantial loss of ***$125,512.56*** on his transactions in ELMS and/or FIIU securities on a LIFO basis during the Class Period. *See* Loss Analysis, Cotilletta Decl. Ex.

B. Mr. Fontaine is unaware of any other movant with a larger financial interest in the outcome of the Action. Accordingly, Mr. Fontaine has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3. Mr. Fontaine Satisfies the Requirements of Rule 23

The PSLRA requires that the movant with the largest financial interest must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). For the purposes of appointment as lead plaintiff, in contrast to the class certification stage of litigation, a proposed lead plaintiff need only make a "prima facie showing of typicality and adequacy." *Roby v. Ocean Power Techs. Inc.*, No. 14-cv-3799 (FLW) (LHG), 2015 WL 1334320, at *4 (D.N.J. Mar. 17, 2015) (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)). "Of the four requirements for class certification under Rule 23(a), only two—typicality and adequacy of representation—directly address whether a lead plaintiff movant is the 'most adequate plaintiff.'" *Chao Sun v. Han*, No. 15-703, 2015 WL 2364937, at *3 (D.N.J. May 14, 2015) (citing *Orbcomm*, 2008 WL 2277117, at *6). In this case, Mr. Fontaine satisfies both Rule 23 requirements.

#### (i) Mr. Fontaine Satisfies the Typicality Requirement of Rule 23

Mr. Fontaine's claims are typical of the claims of other Class members. Pursuant to Rule 23(a)(3), typicality "requires that a party seeking to represent a class have claims or defenses [that] are typical of the claims or defenses of the class[.]" *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) (alteration in original) (internal quotations marks omitted); Fed. R. Civ. P. 23(a)(3). Typicality exists if claims "arise from the same event or course of conduct that gave rise to the claims of the other class members and are premised upon the same legal theory." *In re Party City Sec. Litig.*, 189 F.R.D. 91, 107 n.13 (D.N.J. 1999); *See also Eisenberg v. Gagnon*, 766 F.2d 770,

7

786 (3d Cir. 1985) ("typicality permits the court to assess whether the class representatives themselves present those common issues of law and fact that justify class treatment").

Here, Mr. Fontaine, as do all other Class members, seeks to hold Defendants liable for violations of the federal securities laws. Indeed, like all other members of the Class, Mr. Fontaine: (1) purchased ELMS and/or FIIU securities during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) were damaged thereby. Accordingly, the claims of Mr. Fontaine satisfy the typicality requirement of Fed. R. Civ. P. 23.

### (ii) Mr. Fontaine Satisfies the Adequacy Requirement of Rule 23

Mr. Fontaine likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the proposed Lead Plaintiff must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy of representation is generally tested against two factors: (1) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (2) the plaintiff must not have interests antagonistic to those of the class." *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 457 (D.N.J. 2000) (citing *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir.), *cert. denied*, 421 U.S. 1011, 95 S. Ct. 2415 (1975)).

Mr. Fontaine's interests are perfectly aligned with the other members of the Class and are not antagonistic in any way. Indeed, Mr. Fontaine has the same interest as all members of the Class: to maximize the recovery for the Class. There are no facts that indicate any conflicts of interest between Mr. Fontaine, and the other Class members. Mr. Fontaine has also demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this Action. *See infra*, Section III; *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 630 (3d Cir. 1996) (stating that the adequacy of representation inquiry involves consideration of both whether "the interests of the named plaintiffs [are] sufficiently aligned with those of the

absentees" and whether "class counsel [is] qualified and [will] serve the interests of the entire class"). Further, Mr. Fontaine's substantial financial stake in the litigation ensures that he will provide vigorous advocacy in representing the Class. *See*, *e.g.*, *Lipetz v. Wachovia Corp.*, No. 08-Civ-6171 (RJS), 2008 WL 4615895, at *3 (S.D.N.Y. Oct. 10, 2008) (noting investor's "substantial financial stake in the litigation" suggests that it would vigorously prosecute claims on behalf of the class).

Moreover, as detailed in the Declaration of Pierre Fontaine, Mr. Fontaine is a sophisticated investor committed to fulfilling the fiduciary role of Lead Plaintiff should he be appointed. *See* Declaration of Pierre Fontaine, Cotilletta Decl. Ex. E. Mr. Fontaine is 61 years old, resides in New York, New York, and has been investing for approximately 20 years. *See id.* ¶¶ 3-4. Mr. Fontaine determined to seek the role of Lead Plaintiff because he believes in the importance of this matter in that it alleges serious misconduct that caused substantial losses to investors and raises significant corporate governance concerns. *Id.* ¶¶ 2, 4. Mr. Fontaine is aware of the fiduciary duties he will assume if appointed as Lead Plaintiff, including the selection and continued oversight of counsel. *Id.* ¶ 6. Mr. Fontaine has already taken steps in directing counsel, including through the negotiation of a retainer agreement should the Action settle. *Id.* ¶¶ 7, 8.

Accordingly, Mr. Fontaine satisfies Rule 23's adequacy requirement and, having suffered the largest financial interest and otherwise satisfying both the typicality and adequacy requirements of Rule 23, should be appointed as Lead Plaintiff of the Class.

### III.   MR. FONTAINE'S SELECTION OF COUNSEL MERITS APPROVAL

The PSLRA vests authority in the Lead Plaintiff to select lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 276 (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional

9

intent, a court should not disturb the lead plaintiff's choice of counsel, unless it is "necessary to protect the interests of the plaintiff class." *See* Statement of Managers – The Private Securities Litigation Reform Act of 1995, H.R. Conf. Rep. No. 104-369, at 35 (1995) *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Mr. Fontaine selected Labaton Sucharow as Lead Counsel for the Class. Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which the Firm served as co-lead counsel. In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million— one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-2027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members. *See* Labaton Sucharow Firm Resume, Cotilletta Decl., Ex. F.

Thus, the Court may be assured that by granting Mr. Fontaine's motion, the Class will receive the highest caliber of legal representation.

## **CONCLUSION**

For all of the foregoing reasons, Mr. Fontaine respectfully requests that the Court: (1) consolidate the above-captioned related actions; (2) appoint Mr. Fontaine as Lead Plaintiff for the Class pursuant to the PSLRA; (3) approve the selection of Labaton Sucharow as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: April 4, 2022

**Labaton Sucharow LLP**

<u>/s/ Joseph N. Cotilletta (047092011)</u>
Joseph N. Cotilletta
Francis P. McConville
David J. Schwartz
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
jcotilletta@labaton.com
fmcconville@labaton.com
dschwartz@labaton.com

*Counsel for Pierre Fontaine and Proposed Lead Counsel for the Class*

**The Schall Law Firm**
Brian Schall
1880 Century Park East, Suite 404
Los Angeles, California 90067
Tel: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Pierre Fontaine*

## **CERTIFICATE OF SERVICE**

I, Joseph N. Cotilletta, hereby certify that the Memorandum of Law in Support of the Motion of Pierre Fontaine for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  April 4, 2022

/s/ Joseph N. Cotilletta (047092011)
Joseph N. Cotilletta