UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE ELECTRIC LAST MILE SOLUTIONS, INC. SECURITIES LITIGATION | CASE NO. 2:22-cv-00545-MEF-LDW <br><br> CLASS ACTION |

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Lead Plaintiff Jun Zheng and named plaintiff Scott T. Hacker ("Plaintiffs") and Defendants Jason Luo, James Taylor, Albert Li, Marshall Kiev, and David Boris (the "Individual Defendants," together with Plaintiffs, the "Settling Parties"), through their respective counsel of record relating to the above-captioned litigation, have entered into the Second Amended Stipulation of Settlement, dated March 20, 2024 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of all claims against the Individual Defendants in the captioned *IN RE ELECTRIC LAST MILE SOLUTIONS, INC. SECURITIES LITIGATION,* Case No. 2:22-cv-00545-MEF-LDW (the "Action"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 2nd day of April, 2024, that:

1. Capitalized terms used herein have the meanings defined in the Stipulation.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action

1

on behalf of all persons and entities who purchased the publicly traded common stock of ELMS between June 9, 2021 and February 1, 2022, inclusive. Excluded from the Settlement Class are: (a) Defendants, the officers and directors of ELMS (including its predecessor Forum Merger III Corporation), Electric Last Mile Inc., and BDO USA, LLP, members of the Individual Defendants' immediate families and their legal representatives, heirs, and successors, and any entity in which any of the Defendants, or any person excluded under this subsection (a), has or had a majority ownership interest at any time; and (b) persons and entities who suffered no compensable losses as determined by the Plan of Allocation to be filed with the Court.

3. This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, The Rosen Law Firm, P.A., previously selected by Lead Plaintiff and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class ("Lead Counsel").

5.      The Court finds that (a) the Stipulation resulted from good faith, arm's length negotiations, and (b) the Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Fairness Hearing.

6.      The Court hereby preliminarily approves the Settlement, subject to further consideration at the Settlement Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on September 20, 2024 at 9:15 a.m. for the following purposes:

(a)     to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b)     to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to determine finally whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Stipulation;

(d)     to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)     to consider the application of Lead Counsel for an award of attorneys' fees and expenses and a Compensatory Award to the Class Representatives;

    (f)  to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Fairness Hearing by Settlement Class Members (or by counsel on their behalf), provided that they gave proper notice that they intend to appear at the Settlement Fairness Hearing; and

    (g)  to rule upon such other matters as the Court may deem appropriate.

  7.  The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class and may adjourn the Settlement Fairness Hearing without further notice to the Settlement Class. The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means. The Court reserves the right to enter the Judgment approving the Stipulation regardless of whether it has approved the Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and expenses and Plaintiffs' request for payment for their representation of the Settlement Class.

  8.  The Court approves the form, substance and requirements of (a) the Long Notice, (b) the Postcard Notice, (c) the Summary Notice, and (c) the Proof of Claim, all of which are exhibits to the Stipulation.

  9.  Lead Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

  10.  For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

11. The Individual Defendants shall cause the Settlement Amount ($2,700,000) to be paid to the Escrow Account within thirty (30) days after the latest of the following occurs: (a) the Bankruptcy Court's Funding Order becomes final and non-appealable;[1] (b) this Court issues preliminary approval of the Settlement; and (c) the Individual Defendants receive all of the information necessary to issue payment, including a W-9, accurate wire instructions (including a SWIFT code) and access to a person with whom they can obtain independent, verbal confirmation of the wire instructions

12. At any time after entry of this Order, Lead Counsel may, without further approval from the Court or Defendants, pay from the Escrow Account actual, reasonable, and necessary Notice and Administration Costs up to two hundred thousand dollars ($200,000) prior to the Effective Date. After the Effective Date, additional amounts may be transferred from the Settlement Fund for Lead Counsel to pay any additional, actual, reasonable, and necessary additional Notice and Administration Costs without further order of the Court.

13. No later than ten (10) Business Days after entry of this Order, the Individual Defendants shall assist the Claims Administrator in obtaining, from ELMS' transfer agent, at no cost to Plaintiffs or Lead Counsel or to the Individual Defendants and their counsel, records of ownership, to the extent available, to identify Settlement Class Members. The ability of the Individual Defendants to actually obtain such records shall not be a condition of the Settlement.

---

[1] The Settling Parties acknowledge that the Individual Defendants must obtain an order (a "Funding Order") from the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approving the payment of insurance funds in excess of the current amount permitted under the automatic stay in effect in *In re Electric Last Mile Solutions, Inc. et al.*, Case No. 22-10537 (MFW) for contribution to the Settlement Fund. The Individual Defendants shall make reasonable efforts to obtain such approval.

14. Lead Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, a copy of the Notice, and the Proof of Claim to be posted on the Claims Administrator's website within thirty-five (35) calendar days after entry of this Order.

15. Within thirty-five (35) calendar days of entry of this Order, Lead Counsel, through the Claims Administrator, shall cause the Summary Notice to be published once over a national newswire service. Lead Counsel, through the claims administrator, shall cause a second publication of the Summary Notice over a national newswire service within sixty (60) calendar days of entry of this Order. Lead Counsel shall, at least seven (7) calendar days before the Settlement Fairness Hearing, serve upon the Individual Defendants' Counsel and file with the Court proof of publications of the Summary Notice.

16. Within thirty-five (35) calendar days of the entry of this Order, Lead Counsel, through the Claims Administrator, shall either: (a) email links to the location of the Long Notice and Proof of Claim to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses; or (b) cause the Postcard Notice, if no electronic mail address can be obtained, to be mailed, by first class mail, postage prepaid, to Settlement Class Members who can be identified with reasonable effort by Lead Counsel, through the Claims Administrator.

17. Within sixty (60) calendar days of the entry of this Order, Lead Counsel, through the Claims Administrator, shall repeat the notice dissemination process described in Paragraph 16 of this Order.

18. Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held ELMS common stock as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the

6

Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) request an electronic copy of the Summary Notice and either email the Summary Notice in electronic format or links to the Notice and Proof of Claim to each beneficial owner for whom they are nominee or custodian within ten (10) calendar days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Summary Notice or a link to the Notice and Proof of Claim, if email addresses are available, or Postcard Notice to such beneficial owners, if last known addresses are provided. If the Claims Administrator receives an email address, it will send a Summary Notice or link to the Notice and Proof of Claim electronically. Nominees or custodians who elect to email notice or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing of names and addresses, in amounts up to: (i) $0.05 per name, mailing address and email address (to the extend available) provided to Claims Administrator; (ii) $0.05 per email for emailing notice; or (iii) $0.05 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, subject to further order of this Court with respect to any dispute concerning such reimbursement.

19.     Lead Counsel shall, at least seven (7) calendar days before the Settlement Fairness Hearing, serve upon the Individual Defendants' Counsel and file with the Court proof of the mailing and emailing of Notice, as required by this Order.

20.     The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

21.     In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than August 30, 2024 (twenty-one (21) calendar days prior to the Settlement Fairness Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually

received by the Claims Administrator at the address designated in the Notice. Proofs of Claim submitted electronically through the Claims Administrator's website in accordance with the Notice shall be deemed timely if submitted by 11:59 p.m. Eastern Time on August 30, 2024.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Except that for each claim determined to be deficient, the Claims Administrator shall send the deficiency letter by both first class mail and e-mail (if provided). Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that

9

such deficiency may be cured. For each claim determined to be deficient and after the deficiency notice has been issued, the Claims Administrator shall make at least one attempt to contact each such claimant by telephone (if a telephone number is provided) to advise the claimant of the deficient nature of their claim and to offer assistance regarding how to cure the deficiency or deficiencies. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

        (d)     As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation.

22.     All Settlement Class Members who do not submit valid and timely Proof of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

23.     Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall either: (a) mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than August 30, 2024 (twenty-one (21) calendar days prior to the Settlement Fairness Hearing) (the

"Exclusion Deadline"), to the addresses listed in the Notice; or (b) email the request for exclusion to the Claims Administrator at info@strategicclaims.net no later than 11:59 p.m. Eastern Time on August 30, 2024. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *IN RE ELECTRIC LAST MILE SOLUTIONS, INC. SECURITIES LITIGATION,* Case No. 2:22-cv-00545-MEF-LDW. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale transaction of ELMS common stock during the Class Period and (ii) demonstrating the Person's status as a beneficial owner of ELMS common stock. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

24. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties promptly as received, and in no case later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). Settlement Class Members will not include any Person who delivers a valid and timely request for exclusion.

25. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is

received no later than two (2) Business Days before the Settlement Fairness Hearing, in which event that Person will be included among Settlement Class Members.

26. All Persons who submit valid, timely and unrevoked request for exclusions will be forever barred from receiving any payments from the Net Settlement Fund.

27. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no putative member of the Settlement Class or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs by mail or email to the Claims Administrator and each of the following counsel at least twenty-one (21) calendar days prior to the Settlement Fairness Hearing:

CLAIMS ADMINISTRATOR:
Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
info@strategicclaims.net

LEAD COUNSEL:
Laurence M. Rosen
THE ROSEN LAW FIRM, P.A.
One Gateway Center
Suite 2600
Newark, NJ 07102
info@rosenlegal.com

COUNSEL FOR THE INDIVIDUAL DEFENDANTS:
Gregory Laufer
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
glaufer@paulweiss.com

Michael S. Doluisio
DECHERT LLP
Cira Centre

2929 Arch Street
Philadelphia, PA 19104
Michael.doluisio@dechert.com

Joseph A. Matteo
BARNES & THORNBURG LLP
390 Madison Avenue, 12th Floor
New York, NY 10017
Joseph.matteo@btlaw.com

Marlon A. Primes
BRENNAN, MANNA & DIAMOND, LLC
200 Public Square, Suite 3270
Cleveland, OH 44114
maprimes@bmdllc.com

To be valid, any such objection must contain (1) the Settlement Class Member's name, address, and telephone number; (2) a list of all purchases and sales of ELMS common stock during the Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the putative member of the Settlement Class and/or his, her, or its counsel; (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Fairness Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Fairness Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into

evidence at the Settlement Fairness Hearing. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

28. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

29. The Court reserves the right to adjourn the Settlement Fairness Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

30. All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than twenty-eight (28) calendar days before the Settlement Fairness Hearing.

31. Plaintiffs shall file their response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing. Plaintiffs shall include in this filing copies of all objections received. Plaintiffs shall also include in this filing preliminary claims filing data, including:

> a. Total number of claims received and the aggregate dollar amount of recognized losses they represent
> b. Total number of valid claims and the aggregate dollar amount of recognized losses such claims represent

      c. Total number of deficient claims and the estimated aggregate dollar amount of recognized losses such represent

      d. Total number of rejected claims

32.    The Individual Defendants shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representatives submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

33.    Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation, are hereby stayed and suspended until further order of the Court.

34.    All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

35.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Individual Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class Members or putative members of the Settlement Class have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or

proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

36. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to March 30, 2023, pursuant to the terms of the Stipulation.

37. The Court reserves the right to alter the time or the date of the Settlement Fairness Hearing without further notice to Settlement Class Members, provided that the time or the date of the Settlement Fairness Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim submitted and any future requests by one or more of the Settling Parties that the Order and Final Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.

Dated: April 2, 2024

_____
HON. MICHAEL E. FARBIARZ
UNITED STATES DISTRICT JUDGE