## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE ELECTRIC LAST MILE SOLUTIONS, INC. SECURITIES LITIGATION | CASE NO. 2:22-cv-00545-MEF-LDW <br><br> <u>CLASS ACTION</u> |

### <u>STIPULATION OF SETTLEMENT</u>

This Stipulation of Settlement ("Stipulation") dated February 21, 2025, in the above-captioned Action[1] is entered into among Lead Plaintiff Jun Zheng and named plaintiff Scott T. Hacker (together, "Plaintiffs") on behalf of themselves and each of the Settlement Class Members, and Defendant BDO USA, P.C.[2] ("BDO," together with Plaintiffs, the "Settling Parties"), by and through their respective counsel of record in this Action. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle with prejudice the Released Claims against the Released Parties, subject to the approval of the United States District Court for the District of New Jersey (the "Court"), and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

This is a putative class action alleging claims under the federal securities laws.

### A.    Procedural History of the Litigation

This Action began on February 3, 2022, when Scott T. Hacker filed a putative securities fraud class action complaint in this Court against Electric Last Mile Solutions, Inc. f/k/a Forum Merger III Corp. ("ELMS"), Jason Luo, James Taylor, Albert Li, Marshall Kiev, Davis Boris,

---

[1] All capitalized terms not otherwise defined shall have the meaning ascribed to them in Section II.B herein.

[2] BDO USA, P.C. was formerly known as BDO USA, LLP.

1

and Robert Song, alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Dkt. No. 1.

On April 4, 2022, Jun Zheng moved the Court for appointment as Lead Plaintiff pursuant to the Exchange Act and the Private Securities Reform Litigation Act of 1995 ("PSLRA"). Dkt. No. 5. In the same motion, Jun Zheng also sought approval of his selection of counsel, The Rosen Law Firm, P.A., as Lead Counsel. *Id.*

On April 22, 2022, the Court appointed Jun Zheng as Lead Plaintiff and The Rosen Law Firm, P.A. as Lead Counsel. Dkt. No. 12.

On May 9, 2022, the Court "so ordered" a proposed schedule setting deadlines for Plaintiffs to file their amended complaint and defendants to respond thereto. Dkt. No. 16

On July 8, 2022, ELMS filed a Suggestion of Bankruptcy with the Court, stating that ELMS had filed a petition for relief under chapter 7 of title 11 of the U.S. Bankruptcy Code on June 14, 2022. Dkt. No. 21.

On October 18, 2022, following a series of letters and two telephonic conferences before U.S. Magistrate Judge Wettre concerning how this Action shall proceed in light of ELMS' Suggestion of Bankruptcy, Judge Wettre ordered that Plaintiffs file their amended complaint on or before October 21, 2022. Dkt. No. 27.

On October 21, 2022, Plaintiffs filed the Amended Class Action Complaint For Violations of the Federal Securities Laws ("Complaint"). Dkt. No. 28. The Complaint alleged: (a) claims under Sections 10(b) of Exchange Act against the Individual Defendants and BDO; (b) claims under Section 14(a) of the Exchange Act against Marshall Kiev and David Boris; and (c) claims under Section 20(a) of the Exchange Act against the Individual Defendants.

On April 11, 2023, BDO filed its motion to dismiss the Complaint. Dkt. No. 57.  On June 12, 2023, Plaintiffs filed their opposition to BDO's motion. Dkt. No. 59.  BDO filed its reply in further support of its motion on July 24, 2023. Dkt. No. 65.

While BDO's motion to dismiss was pending, Plaintiffs and the Individual Defendants reached a settlement (the "Individual Defendants Settlement").  On June 28, 2023, Plaintiffs filed a motion for preliminary approval of the Individual Defendants Settlement (the "First Preliminary Approval Motion.") Dkt. No. 61. Following denial of the First Preliminary Approval Motion, Plaintiffs filed a renewed motion for preliminary approval of the Individual Defendants on August 9, 2023. Dkt. No. 68.

On August 15, 2023, the Court denied in part BDO's motion to dismiss, holding that the Complaint adequately alleged that BDO acted with scienter, but ordered additional briefing on the element of falsity.  Dkt. Nos. 71-72.

On October 3, 2023, BDO filed its supplementary brief on falsity. Dkt. No. 80. Plaintiffs filed their response brief on October 24, 2023. Dkt. No. 89.

On April 2, 2024, the Court entered an order granting preliminary approval of the Individual Defendants Settlement. Dkt. No. 131.

On July 19, 2024, the Court denied BDO's motion to dismiss on the element of falsity, holding that BDO's "statements in play" are "statements of opinion under Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund, 575 U.S. 175 (2015)." Dkt. No. 137.

On August 16, 2024, BDO filed its Answer to the Complaint.  Dkt. No. 141.

On August 23, 2024, Plaintiffs filed their motion for final approval of the Individual Defendants Settlement.  Dkt. No. 142.  On November 6, 2024, the Court entered a Findings of

Facts and Conclusions of Law, granting final approval of the Individual Defendants Settlement. Dkt. No. 156.

**B.    Settlement Negotiations**

Plaintiffs and BDO participated in three settlement conferences with Magistrate Judge Wettre: on September 26, 2023, on February 1, 2024, and on November 14, 2024.  No agreement was reached after the third settlement conference.  Plaintiffs and BDO, however, agreed to continue negotiating through Judge Wettre.  On January 3, 2025, an agreement in principle was reached when Plaintiffs and BDO both accepted a "Mediator's Proposal" from Judge Wettre.

**C.    Plaintiffs' Assessment of the Claims and Benefits of Settlement**

While Plaintiffs believe that the claims asserted in the Complaint have merit, Plaintiffs and Lead Counsel recognize the substantial risk that further litigation may result in little or no recovery.  Plaintiffs and Lead Counsel are mindful of, among other things, inherent problems of proof, possible defenses to the violations asserted in the Complaint, possible limitations on damages, and possible obstacles to obtaining class certification.  Plaintiffs and Lead Counsel, based upon their thorough evaluation, believe that the settlement set forth in the Stipulation is in the best interests of the Settlement Class Members.  Plaintiffs and Lead Counsel shall use their best efforts to obtain final Court approval of the BDO Settlement.

**D.    BDO's Denials of Wrongdoing and Liability**

BDO has denied, and continues to deny, *inter alia*, that it engaged in any wrongdoing of any kind, including, without limitation, that it committed any act or omission giving rise to any liability or violation of the law. Specifically, BDO has denied, and continues to deny, each and all of the claims and contentions alleged in this Action and in the Complaint, along with all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in this Action or in the Complaint. BDO

further has denied, and continues to deny, that it violated or breached any law, regulation or duty owed to Plaintiffs or the Settlement Class, acted in any deceitful or reckless manner, or that its public statements were false or misleading, or that Plaintiff and the Settlement Class suffered any damages or were harmed by the conduct alleged in the Action or in the Complaint. BDO has asserted, and continues to assert, that its conduct was at all times proper and in compliance with all applicable provisions of law.  In addition, BDO maintains that it has meritorious defenses to all of the claims alleged in the Action and in the Complaint.

As set forth below, neither the BDO Settlement nor any of the terms of this Stipulation shall be construed as, deemed to be evidence of, or constitute an admission or finding of, any violation, fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that BDO has, or could have, asserted in this Action. BDO is entering into this Stipulation solely to eliminate the burden and expense of further litigation. BDO has concluded that it is desirable and beneficial that the Released Claims be fully and finally settled and that the Action be terminated in the manner and upon the terms and conditions set forth in this Stipulation.

## II.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### A.    Introduction

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (individually and on behalf of all Settlement Class Members), and each of them, and BDO, by and through their respective undersigned counsel or attorneys of record, that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the settlement set forth herein, the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, as to the Settling Parties, upon and subject to the terms and conditions of this Stipulation.

## B. Definitions

As used in this Stipulation and its Exhibits, the following terms shall have the meanings specified below. Terms used in the singular shall be deemed to include the plural and vice versa:

1.0 "Action" means the case captioned *IN RE ELECTRIC LAST MILE SOLUTIONS, INC. SECURITIES LITIGATION.*, Civ. No. 2:22-cv-00545-MEF-LDW, pending in the United States District Court for the District of New Jersey, and including any and all complaints filed in this Action.

1.1 "Authorized Claimant" means any Settlement Class Member who submits a Proof of Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

1.2 "BDO Claims" means any and all claims, demands, rights, causes of action, and liabilities, whether based in law or equity, arising under federal, state, local, statutory, or common law or any other law, rule, or regulation including both known and unknown claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in this Action against BDO, including under Rule 11 of the Federal Rules of Civil Procedure, or for any other fees or cost shifting, except for claims relating to the enforcement of this Stipulation or the BDO Settlement, provided that, "BDO Claims" shall not include, and nothing in this Stipulation or the bar order contemplated by paragraph 9.20 shall release or affect any claims, demands, rights, causes of action, liabilities, or defenses: (a) between BDO and the Individual Defendants; or (b) by BDO in connection with or arising out of the matter captioned *Levy* v. *Luo et al.*, No. 1:23-cv-00653 (D. Del.) (the "PIPE Action").

1.3 "BDO's Counsel" means McDermott Will & Emery LLP.

1.4 "BDO Settlement" or "Settlement" means the settlement contemplated by this stipulation.

1.5    "Claimant" means a Settlement Class Member who submits a Proof of Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

1.6    "Claims Administrator" means Strategic Claims Services, the firm retained by Lead Counsel to administer the BDO Settlement, including sending a mailed Notice to Settlement Class Members in the form of Exhibit A-4 hereto, or emailing Notice to Settlement Class Members, arranging for publication of Notice in the form of Exhibit A-3 hereto, processing claims, and performing such other administrative functions as are required under this Stipulation.

1.7    "Class Period" means the period from June 9, 2021 to February 1, 2022, both dates inclusive.

1.8    "Court" means the United States District Court for the District of New Jersey.

1.9    "Defendants" means the Individual Defendants and BDO.

1.10    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.0 of the Stipulation have occurred and/or been met.

1.11    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.12    "Escrow Agent" means Strategic Claims Services or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.13    "Fee and Expense Application" shall have the definition as set forth herein in § II.H., *infra*.

1.14    "Fee and Expense Award" shall have the definition as set forth herein in § II.H., *infra*.

1.15    "Final" with respect to the BDO Settlement, has the meaning as set forth in paragraph 8(d) hereto.

1.16    "Individual Defendants" means former defendants Jason Luo, James Taylor, Albert Li, Marshall Kiev, and David Boris.

1.17    "Judgment" means the Order and Final Judgment to be entered by the Court approving the BDO Settlement, certifying the Settlement Class for settlement purposes only, approving the release of the Released Claims, and dismissing the Action with prejudice and without costs to any party, substantially in the form attached hereto as Exhibit B or in similar form adopted by the Court.

1.18    "Lead Counsel" means The Rosen Law Firm, P.A.

1.19    "Net Settlement Fund" means the Settlement Fund less any Taxes and Tax Expenses, any Fee and Expense Award to Lead Counsel, any compensatory award to Plaintiffs, and Notice & Administration Costs.

1.20    "Notice" means collectively, the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice, which are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

1.21    "Notice & Administration Costs" means the costs and expenses reasonably and actually incurred by, and the reasonable fees charged by, the Claims Administrator in connection with notice dissemination and claims administration upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the

cost of identifying and locating members of the Settlement Class; mailing Postcard Notice and publishing the Summary Notice (such amounts shall include, without limitation, the actual costs of publication in national newswires, printing and mailing the Postcard Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting claims from Settlement Class Members, assisting with the filing of claims, processing Proof of Claim and Release Forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.22    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and for each of them their respective heirs, successors-in-interest, or assigns.

1.23    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants, to be designed by Lead Counsel in its sole discretion, subject to the approval of the Court.  Any Plan of Allocation is not part of this Stipulation and none of the Released Parties shall have any responsibility or liability with respect thereto.

1.24    "Postcard Notice" means the postcard notice to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-4, and which shall contain information relating to, among other things, how to access the Long Notice and Stipulation and to file a Proof of Claim.

1.25    "Preliminary Approval Order" means an order by the Court substantially in the form of Exhibit A hereto that will, *inter alia*, (1) grant preliminary approval of the BDO Settlement; (2) certify the Settlement Class for settlement purposes only; (3) authorize dissemination of notice to the Settlement Class substantially in the form of Exhibits A-1, A-3,

9

and A-4 hereto, along with provision of a Proof of Claim and Release Form substantially in the form of Exhibit A-2; and (4) schedule the Settlement Fairness Hearing.

1.26    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached as Exhibit A-2.

1.27    "Released Claims" means the Settlement Class Claims and BDO Claims.

1.28    "Released Parties" means BDO and its current and former parents, affiliates, subsidiaries, successors, predecessors, officers, directors, employees, agents, servants, representatives, assigns, assignees, advisors, attorneys, members, and insurers.

1.29    "Releases" means the release of Released Claims against Released Parties pursuant to ¶¶ 5.0–5.2.

1.30    "Settlement Amount" means the consideration for a full and complete settlement of all Released Claims being paid or cause to be paid by BDO in the amount of eight hundred ninety-nine thousand dollars ($899,000.00).[3]

1.31    "Settlement Class" means, for settlement purposes only, all Persons and entities who purchased the publicly traded common stock of ELMS between June 9, 2021 and February 1, 2022, inclusive. Excluded from the Settlement Class are: (a) Defendants, the officers and directors of ELMS (including its predecessor Forum Merger III Corporation), Electric Last Mile Inc., and BDO, members of the Individual Defendants' immediate families and their legal representatives, heirs, and successors, and any entity in which any of the Defendants, or any person excluded under this subsection (a) has or had a majority ownership interest at any time; and (b) persons and entities who suffered no compensable losses as determined by the Plan of Allocation.

---

[3] All dollar amounts are in U.S. dollars.

1.32    "Settlement Class Claims" means any and all claims, demands, losses, rights, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Settlement Class (i) asserted in the Complaint, or (ii) could have asserted or could in the future assert in any court or forum that arise out of or relate to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate in any way, directly or indirectly, to the purchase, acquisition, holding, sale or disposition of ELMS common stock, or that of ELMS's predecessor, Forum Merger III Corporation, during the Class Period, provided that, "Settlement Class Claims" shall not include, and this release shall not cover, include, or release (i) any claims relating to the enforcement of the BDO Settlement; (ii) any claims of any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court; or (iii) the claims as asserted in the complaint filed on November 14, 2023 in the PIPE Action. With respect to the claims in the PIPE Action, nothing in the BDO Settlement shall in any way prevent anyone, including BDO, from taking the position in the PIPE Action that any recovery to putative class members in that action should be reduced or offset by any recovery such putative class members receive, or are eligible to receive, as a result of the BDO Settlement. For the avoidance of doubt, such reduction or offset shall not apply to any shareholders who opt out of the Settlement Class.

1.33    "Settlement Class Member" means any Person who falls within the definition of the Settlement Class.

1.34    "Settlement Distribution Order" means the Order approving the Claims Administrators' administrative determinations concerning the acceptance and rejection of the claims submitted by potential Settlement Class Members; approving of any fees and expenses

not previously applied for, including the fees and expenses of the Claims Administrator; and directing the distribution of the Net Settlement Fund to Authorized Claimants.

1.35    "Settlement Fairness Hearing" means a hearing to be held by the Court to determine whether the proposed BDO Settlement on the terms and conditions provided for in this Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Lead Counsel; to hear any objections by Settlement Class Members to the Stipulation, Plan of Allocation, or any award of fees and expenses to Lead Counsel; and to consider such other matters as the Court may deem appropriate.

1.36    "Settlement Fund" means the Settlement Amount before any of the expenditures authorized herein, the payment of which will reduce it as described in the Net Settlement Fund definition, *supra*.

1.37    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action to be published on a national business newswire, substantially in the form attached as Exhibit A-3.

1.38    "Taxes" and "Tax Expenses" means: (i) all federal, state, and/or local taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind imposed by any governmental authority arising with respect to any income earned by the Settlement Fund, together with any interest, penalties, or additions to tax imposed with respect to them; and (ii) the reasonable and necessary costs and expenses incurred in connection with the implementation of ¶ 2.8 of the

Stipulation, including, without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants.

1.39    "Unknown Claims" or "Unknown" in reference to Released Claims means and includes (i) any and all Settlement Class Claims that Plaintiffs or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the BDO Settlement, or might have affected his, her or its decision not to object to the BDO Settlement or seek exclusion from the Settlement Class; and (ii) any and all BDO Claims that BDO or any Released Party does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the BDO Settlement.  With respect to the Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs and BDO shall expressly waive, and each Settlement Class Member and Released Party shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all provisions, rights and benefits conferred by California Civil Code § 1542, or any law of any state or territory of the United States or principle of common law, that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs, BDO and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and

released, and the Released Parties shall expressly, fully, finally, and forever settle and release

any and all Released Claims, in each case known or Unknown, suspected or unsuspected,

contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not

concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or

equity now existing or coming into existence in the future, including, but not limited to, conduct

which is negligent, intentional, with or without malice, or a breach of any duty, law or rule,

without regard to the subsequent discovery or existence of such different or additional facts. The

Settling Parties acknowledge, and the Settlement Class Members and the Released Parties by

operation of the Judgment shall be deemed to have acknowledged, that the foregoing waiver and

inclusion of "Unknown Claims" in the definition of Settlement Class Claims and BDO Claims

was separately bargained for and is a material element of the BDO Settlement of which these

releases are a part.

### C.    The Settlement

#### a.    Settlement Amount

2.0    BDO shall cause the Settlement Amount to be paid to the Escrow Account within

thirty (30) days of the later of: (a) the Court granting preliminary approval of the BDO

Settlement; or (b) BDO's receipt of all information necessary to issue payment, including a W-9,

accurate wire instructions, and access to a person with whom it can obtain verbal confirmation of

the wire instructions.

2.1    BDO's sole financial obligation to Plaintiffs, the Settlement Class Members and

Lead Counsel under this Stipulation shall be as set forth in § 2.0, and under no circumstances

shall BDO have any obligation to make any other or greater payment to them for any purpose

pursuant to the BDO Settlement. All payments made to Authorized Claimants pursuant to the

Plan of Allocation as approved by the Court, the Fee and Expense Award by the Court to Lead

Counsel, and all administrative and other approved expenses of the BDO Settlement, including Taxes and Tax Expenses, shall be paid from the Settlement Fund.

### b.    The Escrow Agent

2.2     At the written direction of Lead Counsel, the Settlement Fund shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation or (b) secured by instruments backed by the full faith and credit of the United States Government.  At Lead Counsel's direction, the Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  BDO, BDO's Counsel, and the Released Parties shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

### c.    Handling and Disbursement of Funds by the Escrow Agent

2.3     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of BDO's Counsel and Lead Counsel. BDO, BDO's Counsel, and the Released Parties have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold BDO, BDO's Counsel and the Released Parties harmless for any transaction executed by the Escrow Agent.

2.4     No monies will be disbursed from the Settlement Fund until after the Effective Date except as provided in ¶¶ 2.6–2.7 regarding Notice & Administration Costs, ¶ 2.8 regarding Taxes, and ¶ 7.1 regarding Attorneys' Fees and Expenses.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to this Stipulation and/or further order of the Court.  Upon the Effective Date and thereafter, there shall be no reversion whatsoever of any of the Settlement Amount to any of the Released Parties.

### d.     Notice & Administration Costs

2.6     At any time after entry of the Preliminary Approval Order, Lead Counsel may, without further approval from the Court or Defendants, pay from the Escrow Account actual, reasonable, and necessary Notice and Administration Costs up to seventy-five thousand dollars ($75,000) prior to the Effective Date.  After the Effective Date, additional amounts may be transferred from the Settlement Fund for Lead Counsel to pay any additional, actual, reasonable, and necessary additional Notice and Administration Costs without further order of the Court.

2.7     Plaintiffs and Lead Counsel, BDO and BDO's Counsel, and the Released Parties shall not bear any responsibility or liability for Notice and Administration Costs.

### e.     Taxes

2.8     The following provisions shall govern the treatment of Taxes and Tax Expenses:

(a)     The Escrow Agent will, to the extent possible, agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry

out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in ¶ 2.8(a)) shall be consistent with this ¶ 2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)     All Taxes and Tax Expenses relating to the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(d)     Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the BDO Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court but shall not be considered or treated as part of the Notice & Administration Costs.

(e)     BDO, BDO's Counsel, Released Parties, Plaintiffs, Settlement Class Members, and Lead Counsel shall have no liability or responsibility for Taxes and Tax Expenses.  The Escrow Agent shall indemnify and hold BDO, BDO's Counsel, Released Parties, Plaintiffs, the Settlement Class Members, and Lead Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

(f)     The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay expenses relating to the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). Neither BDO, BDO's Counsel, Released Parties, Plaintiffs, the Settlement Class Members nor Lead Counsel are responsible therefor, nor shall they have any liability with respect thereto.

(g)     The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.8.

### f.     Termination of Settlement

2.9     BDO shall have the right to terminate the BDO Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to Lead Counsel within ten (10) business days of: (a) a decision by the Court declining to enter the Preliminary Approval Order in any material respect; (b) a decision by the Court refusing to approve this Stipulation in any material respect or any material part thereof; (c) a decision by the Court declining to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, or Fee and Expense Award to Lead Counsel shall not be considered material to this Stipulation and shall not be grounds for termination.

2.10     Plaintiffs shall have the right to terminate the BDO Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by

providing written notice of their election to do so to BDO's Counsel within ten (10) business days of: (a) a decision by the Court declining to enter the Preliminary Approval Order in any material respect; (b) a decision by the Court refusing to approve this Stipulation in any material respect or any material part thereof; (c) a decision by the Court declining to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, or Fee and Expense Award shall not be considered material to this Stipulation and shall not be grounds for termination.

2.11    If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.0 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not BDO, shall have the right to: (a) terminate the BDO Settlement; or (b) apply to the Court to enforce the terms of the BDO Settlement and this Stipulation, but only if (i) Lead Counsel has first notified BDO's Counsel in writing of Plaintiffs' intent to terminate or pursue a judgment pursuant to this paragraph, and (ii) the entire Settlement Amount is not deposited in the Escrow Account within ten (10) business days after Lead Counsel has provided such written notice.

2.12    If, before the Settlement Fairness Hearing, any persons who otherwise would be Settlement Class Members have timely filed for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such persons in the aggregate have purchased a number of ELMS common stock during the Class Period in an amount greater than the sum specified in a separate Supplemental Agreement between the Settling Parties, BDO shall have the option to terminate the BDO Settlement and this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not

be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises among the Settling Parties concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Supplemental Agreement submitted to the Court in camera or filed under seal.

2.13    If (i) BDO exercises its right to terminate the BDO Settlement as provided in this Stipulation; or (ii) Plaintiffs exercise their right to terminate the BDO Settlement as provided in this Stipulation, then:

(a)    The BDO Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice, and this Stipulation shall be null and void and shall have no further force or effect (except for ¶¶ 2.9, 2.10, 2.11, 2.12, 8.2, 8.3, 8.4, 9.0, 9.16, 9.19);

(b)    The Settlement Amount including any interest accrued thereon, less expenses actually incurred or due and owing for the Notice & Administration Costs pursuant to ¶ 2.6 above, shall be refunded by check or wire transfer within fifteen (15) calendar days in accordance with the instructions to be provided by BDO's Counsel; and

(c)    The Settling Parties shall revert to their respective positions in the Action as of January 2, 2025.

**D.    Class Certification**

3.0    For the sole purpose of the BDO Settlement, the Settling Parties hereby stipulate, agree, and consent to: (i) certification of the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (b) appointment of Plaintiffs as class representatives; and (c) appointment of Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g). Following execution of this Stipulation, Plaintiffs, with consent of BDO, shall apply to the Court for entry of the Preliminary

Approval Order substantially in the form attached as Exhibit A hereto, which will certify the Action to proceed as a class action for settlement purposes only. The certification of the Settlement Class shall be binding only with respect to the BDO Settlement and only if the Judgment becomes Final.

3.1     The Settling Parties' agreement as to certification of the Action is solely for purposes of effectuating the BDO Settlement and for no other purpose. BDO retains all of its objections, arguments, and defenses with respect to class certification, and reserves all rights to contest class certification, if the BDO Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the BDO Settlement set forth in this Stipulation otherwise fails to become effective. The Settling Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than for settlement purposes, and that if the BDO Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the BDO Settlement set forth in this Stipulation otherwise fails to become effective, this agreement as to certification of the Action becomes null and void ab initio, and this Stipulation or any other settlement-related statement may not be cited regarding class certification, or in support of an argument for certifying a class for any purpose related to this or any other proceeding.

**E.     Preliminary Approval Order**

4.0     By February 21, 2025, pursuant to Judge Wettre's January 13, 2025 Order, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall request entry of a Preliminary Approval Order.

4.1     The Notice shall describe the BDO Settlement; the proposed Plan of Allocation; the requests for a Fee and Expense Award for Lead Counsel; the date of the Settlement Fairness Hearing; Settlement Class Members' rights to opt out, object, or otherwise be heard with regard to these matters; and Settlement Class Members' opportunity to file claims upon the Settlement Fund. The Stipulation, Notice, Proof of Claim and Release Form, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

**F.     Releases**

5.0     The obligations incurred pursuant to this Stipulation shall be in full and final settlement of the Action as to BDO, the Released Parties, and any and all Released Claims.

5.1     Upon the Effective Date of the BDO Settlement, Plaintiffs and all Settlement Class Members (whether or not they submit a Proof of Claim or share in the Settlement Fund) on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties from each and every one of the Settlement Class Claims, and shall be deemed by the BDO Settlement to, and shall be forever barred and enjoined from commencing, instituting, assisting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any of the Settlement Class Claims.

5.2     Upon the Effective Date of the BDO Settlement, and as a material condition of the dismissal with prejudice of the Action, BDO, on behalf of itself, its respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents in their capacities as such, and all of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and

discharged Plaintiffs, Lead Counsel, and Settlement Class Members from each and every one of BDO Claims, and shall be deemed by the BDO Settlement to, and shall be forever enjoined from prosecuting each and every one of BDO Claims.

**G.    Administration and Calculation of Claims, Plan of Allocation, and Distribution of the Settlement Fund**

6.0    The Claims Administrator shall administer and calculate claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The distribution checks will be drawn upon the Net Settlement Fund.

6.1    The Released Parties, BDO and BDO's Counsel shall have no involvement in reviewing or challenging claims and shall have no responsibility or liability for the allocation of the Settlement Fund among the Settlement Class Members or the allocation of any Fee and Expense Award to Lead Counsel. Any such awards shall be paid solely by the Settlement Fund.

6.2    The Settlement Fund shall be applied as follows: to pay Taxes and Tax Expenses; to pay Notice and Administration Costs; to pay a Fee and Expense Award to Lead Counsel to the extent allowed by the Court; and, upon court approval, to distribute the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation or the Court.

6.3    After the Effective Date, Lead Counsel, on behalf of Plaintiffs, shall apply to the Court, on notice to BDO, for the Settlement Distribution Order.  The Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Distribution Order, only after the Effective Date and after (a) all claims have been processed, (b) all matters with respect to the Fee and Expense Application, the Fee and Expense Award, and any settlement administration costs and expenses have been resolved by the Court and such resolution is Final; and (c) all costs of the settlement administration have been paid. The Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(i)      Settlement Class Members who previously submitted a timely and valid Proof of Claim in conjunction with the Individual Defendants Settlement will be deemed to have submitted a timely and valid Proof of Claim for the BDO Settlement and need not take further action, unless they wish to object to the BDO Settlement or be excluded from the BDO Settlement by timely filing a proper request for exclusion.  Copies of all requests for exclusion received shall be sent to BDO's Counsel and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in no case later than three (3) calendar days after the deadline for submitting requests for exclusion. Copies of all written retractions of requests for exclusion received shall be sent to BDO's Counsel and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in any event not less than three (3) calendar days prior to the Settlement Fairness Hearing.

(ii)      Settlement Class Members who did not already submit a timely and valid Proof of Claim in the Individual Defendants Settlement shall be required to submit a Proof of Claim, supported by such documents as designated therein, including proofs of loss, or other documents or proofs as the Claims Administrator or Lead counsel may deem acceptable.  All new Proofs of Claim must be submitted by the date set in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who did not previously submit a timely and valid Proof of Claim in the Individual Defendants Settlement and who fails to timely submit a Proof of Claim, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and the BDO Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the Releases, and the Judgment and will be barred and enjoined from bringing any action against the Released Parties concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the

discretion to accept late-submitted claims for processing by the Claims Administrator but shall not incur any liability for declining to do so.

6.4     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the Claimant's claim.  No discovery shall be allowed of the Claimants in connection with this Action, whether on the merits of the Action or the BDO Settlement or otherwise, in conjunction with the processing of the Proofs of Claim.  For the avoidance of doubt, nothing in this Stipulation shall affect BDO's right to seek discovery of any Claimants in connection with other matters.

6.5     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants.  No Person shall have any claim against Plaintiffs, Lead Counsel, BDO, BDO's Counsel, the Released Parties, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the BDO Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation designed by Lead Counsel, to be described in the Notice, and approved by the Court. However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator under the supervision of Lead Counsel shall, if feasible, reallocate such balance among

Authorized Claimants in an equitable and economic fashion. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to such not-for-profit as the Court may direct and approve.

6.7    This is not a claims-made settlement. If all conditions of the Stipulation are satisfied and the BDO Settlement becomes Final, no portion of the Settlement Fund will be returned to the Released Parties.

6.8    BDO, BDO's Counsel, and the Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the BDO Settlement or otherwise; (ii) the administration, management, investment, allocation or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Settlement Fund; (vi) the payment or withholding of any Taxes and Tax Expenses or (vii) any failure of Notice or failure to identify Settlement Class Members, or any losses incurred in connection therewith. No Person shall have any claim of any kind against BDO, BDO's Counsel, or any other Released Parties with respect to the matters set forth in ¶¶ 6.1-6.8 herein.

6.9    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the BDO Settlement set forth in this Stipulation, and any order or proceedings

relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the BDO Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

**H.    Attorneys' Fees and Expenses**

7.0    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including without limitation the fees and expenses of experts, consultants, and investigators incurred in connection with prosecuting the Action. Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

7.1    Any award of attorneys' fees, costs, and expenses approved by the Court ("Fee and Expense Award") shall be payable to Lead Counsel, solely from the Settlement Fund within three (3) business days after the entry of the Court's order awarding such fees and expenses, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the BDO Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and costs to refund such award to the Settlement Fund, plus interest earned thereon if, as a result of any appeal and/or further proceedings on remand or successful collateral attack, the award is lowered or the BDO Settlement is disapproved by a final order. BDO and the Released Parties shall have no responsibility for any payment of attorneys' fees or expenses.

7.2    If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel shall be jointly and severally obligated to repay all such attorneys' fees and expenses awarded and shall make all necessary refunds and repayments into the Settlement Fund no later than thirty (30) calendar days after Lead Counsel's receipt from the Court of notice of any order that

reverses or reduces any award of attorneys' fees or expenses, which shall be distributed by the Escrow Agent to the Settlement Class pursuant to the manner directed in the Final order.

7.3    The Fee and Expense Application is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the BDO Settlement set forth in this Stipulation.  Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the BDO Settlement.  It is understood that whatever amount is awarded by the Court is within the sole discretion of the Court, and if the award is less than the amount sought, it will not be a basis for either party to set aside the BDO Settlement.

**I.    Effect of Disapproval, Cancellation or Termination**

8.0    The Effective Date of the Stipulation means the business day after all of the following conditions have been met and occurred:

(a)    The Court has entered the Preliminary Approval Order;

(b)    The Settlement Amount has been deposited into the Escrow Account;

(c)    BDO has not exercised their option to terminate the Stipulation pursuant to the Supplemental Agreement; and

(d)    Entry by the Court of the Judgment, which has become Final, which is when the last of the following with respect to the Judgment approving the Stipulation shall occur: (i) the expiration of the time to file any motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration of the time to appeal from the Judgment without any such appeal having been filed; and (iii) if a motion to alter or amend is filed or if an appeal is filed, immediately after the determination of that motion

or appeal so that the Judgment is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of appeal, or otherwise, and in such a manner as to permit the consummation of the BDO Settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of *certiorari* or other writ that may be filed in connection with the approval or disapproval of the BDO Settlement, but shall not include any appeal which concerns only the issue of Lead Counsel's attorneys' fees and expenses, the Plan of Allocation of the Settlement Fund or the procedures for determining Authorized Claimants' recognized claims.

8.1    Upon the occurrence of the Effective Date, any and all interest or right of BDO in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation. The Settlement Fund shall be distributed in accordance with ¶ 6.3 hereof. If all of the conditions specified in ¶ 8.0 herein are not met, then this Stipulation shall be canceled and terminated subject to ¶ 8.2 herein, unless Lead Counsel and BDO's Counsel mutually agree in writing to proceed with the BDO Settlement.

8.2    Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or fails to become effective for any reason, no later than ten (10) business days after written notification of such event is sent by BDO's Counsel or Lead Counsel to the Escrow Agent, subject to the terms of ¶¶ 2.9 or 2.10 hereof, the Settlement Amount (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶ 2.6 hereof, or are determined to be chargeable to the Settlement Fund or the notice and administration of the BDO Settlement pursuant to ¶ 2.6 hereof, shall be refunded by the Escrow Agent to the appropriate sources of the funds in proportion to their contribution to the Settlement

Fund, plus accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from BDO's Counsel.

8.3    In the event the BDO Settlement is terminated as provided in ¶¶ 2.9 or 2.10, then the terms and provisions of the Stipulation, with the exception of ¶¶ 2.9, 2.10, 2.11, 2.12, 8.2, 8.3, 8.4, 9.0, 9.16 or 9.19 hereof, shall have no further force and effect and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.4    In the event the BDO Settlement is terminated as provided in ¶¶ 2.9 or 2.10, Plaintiffs, Settlement Class Members, Lead Counsel, the Claims Administrator, and the Escrow Agent shall not have any obligation to repay any Notice and Administration Costs actually and properly disbursed from the Settlement Fund.  In addition, any expenses already incurred and properly chargeable to Notice and Administration Costs pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation before the balance is refunded in accordance with ¶ 8.2.

**J.    Miscellaneous Provisions**

9.0    This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be deemed to be, and may not be, argued to be offered or received:

(a)    Against BDO as evidence of, or construed as evidence of, any presumption, concession, or admission by BDO with respect to the truth of any fact alleged by Plaintiffs in this

Action or in the Complaint or the validity of any claim that has been or could have been asserted against BDO in this Action or in the Complaint, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by BDO.

(b)      Against BDO as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by BDO.

(c)      Against BDO, Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by BDO, Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing against BDO, Plaintiffs, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, BDO, Plaintiffs, and any Settlement Class Member may refer to it to effectuate the liability protection granted them hereunder;

(d)      Against BDO as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Action;

(e)      Against Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by BDO has any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount;

31

(f)     Against Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by Plaintiffs in the Complaint or the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action; and

(g)     As evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of the BDO Settlement. BDO and/or other Released Parties may file this Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, offset or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.1     The Settling Parties intend the BDO Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Plaintiffs or the Settlement Class Members against BDO and all Released Parties concerning the Settlement Class Claims, and against Plaintiff and Settlement Class Members and their counsel by BDO concerning BDO Claims.  Accordingly, the Settling Parties agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by BDO in bad faith or without a reasonable basis.  The Settling Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Fed. R. Civ. P. 11 or otherwise seek reimbursement or shifting of attorneys' fees or other costs associated with this litigation. The Settling Parties, and each of them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

9.2     The Settling Parties (a) acknowledge that it is their intent to consummate this BDO Settlement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation. Subject to their fiduciary and legal obligations to their clients, Lead Counsel and BDO's Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation, and the BDO Settlement, and to use reasonable best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the BDO Settlement.

9.3     Neither Plaintiffs, Settlement Class Members, nor BDO shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Settlement Class Members to terminate the BDO Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Settlement Class Members or if the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund.  Nor shall it be a basis to terminate the Stipulation if the Court denies, in whole or in part, Lead Counsel's Fee and Expense Application.

9.4     The administration and consummation of the BDO Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing the Fee and Expense Award to Lead Counsel and enforcing the terms of this Stipulation.

9.5    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.6    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

9.7    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement (as described in ¶ 2.12, *supra*) constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning this Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties and covenants contained and memorialized in such documents.

9.9    Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.10    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or email shall be deemed originals.

9.11    This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Settling Parties.

9.12    The Court shall retain jurisdiction with respect to enforcement of the terms of this Stipulation, and the Settling Parties agree to submit to the jurisdiction of the Court for purposes of enforcing the BDO Settlement embodied in this Stipulation.

9.13    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New Jersey and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New Jersey without giving effect to that State's choice of law principles.

9.14    This Stipulation is deemed to have been prepared by Lead Counsel and BDO's Counsel, as a result of arm's length negotiations among the Settling Parties. Whereas all Settling Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

9.15    Whenever this Stipulation requires or contemplates that a Settling Party shall or may give notice to the other, notice shall be in writing and shall be deemed to have been duly given upon receipt of an emailed PDF, or similar-format electronic document.  Notice shall be provided as follows:

If to Plaintiffs or Lead Counsel, then to:

Laurence M. Rosen
Yu Shi
THE ROSEN LAW FIRM, P.A.
One Gateway Center, Suite 2600
Newark, NJ 07102
Email: lrosen@rosenlegal.com
         yshi@rosenlegal.com

If to BDO or BDO's Counsel, then to:

Joel C. Haims
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017
Email:  jhaims@mwe.com

9.16    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

9.17    The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

9.18    Pending approval of the Court of the Stipulation and its Exhibits, other than by agreement of the Settling Parties, all proceedings in this Action shall be stayed as to BDO.

9.19    BDO shall provide notice under the provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, as appropriate, at its own expense, and may engage the Claims Administrator for that purpose.

9.20    In addition to any bar order required under the PSLRA, the Judgment shall include a bar order that shall, upon the Effective Date, to the maximum extent allowed by law, bar all claims against the Released Parties, including without limitation claims for contribution and indemnification, by any Person, whether arising under state, federal, or common law, based upon, arising out of, or relating to the Released Claims. The bar order shall also include a judgment reduction provision whereby, in the event any Settlement Class Member (including any Plaintiff) seeks to recover damages or any other form of monetary relief ("Damages") from any Person based upon claims that arise out of, or relate in any way to, the Released Claims, the Settlement Class Member shall give such person or entity the benefit of judgment reduction or offset equal to the greater of: (1) the amount of recovery obtained by the Settlement Class Member in connection

with the BDO Settlement; (2) the amount of recovery the Settlement Class Member was eligible to obtain in connection with the BDO Settlement; or (3) the amount that corresponds to the percentage of responsibility of the Released Parties for the Damages. For the avoidance of doubt and notwithstanding any language set forth in this Section 9.20, the bar order shall not release or bar: (a) claims relating to the enforcement of the BDO Settlement; (b) the claims of any Settlement Class Member who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (c) the claims as asserted in the complaint filed on November 14, 2023 in the PIPE Action. With respect to the PIPE Action, nothing in the BDO Settlement shall in any way prevent anyone, including BDO, from taking the position in the PIPE Action that any recovery to putative class members in that should be reduced or offset by any recovery such putative class members receive in this Action, or are or were ever eligible to recover as a result of the BDO Settlement.

9.21    Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the work product doctrine, or the joint defense or common interest doctrine.

**IN WITNESS WHEREOF**, the Settling Parties hereto have caused this agreement to be executed, by their duly authorized attorneys, as of February 21, 2025:


Laurence M. Rosen
THE ROSEN LAW FIRM, P.A.
One Gateway Center, Suite 2600
Newark, NJ 07102

*Counsel for Plaintiffs*


Joel C. Haims
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017

*Counsel for Defendant BDO USA, P.C.*