**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE ELECTRIC LAST MILE SOLUTIONS, INC. SECURITIES LITIGATION | Case No. 2:22-cv-00545-MEF-LDW<br><br>CLASS ACTION |

## ORDER AND FINAL JUDGMENT

On June 16, 2026, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation of Settlement dated February 21, 2025 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against BDO; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") was provided to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members and BDO.

3. For purposes of the BDO Settlement, this is a class action on behalf of all persons and entities who purchased the publicly traded common stock of ELMS between June 9, 2021 and February 1, 2022, inclusive. Excluded from the Settlement Class are: (a) Defendants, the officers and directors of ELMS (including its predecessor Forum Merger III Corporation), Electric Last Mile Inc., and BDO, members of the Individual Defendants' immediate families and their legal representatives, heirs, and successors, and any entity in which any of the Defendants, or any person excluded under this subsection (a), has or had a majority ownership interest at any time; (b) persons and entities who suffered no compensable losses as determined by the Plan of Allocation, and (c) Judge Michael E. Farbiarz, Magistrate Judge Leda Dunn Wettre, and their current and former chambers staff and any of their family members.

4. Also excluded from the Settlement Class is Tingrui Sun, who submitted a timely and valid request for exclusion.

5. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein. No Settlement Class Member is relieved from the terms of the BDO Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed BDO Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and the BDO Settlement are, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class and each of the Settlement Class Members. This Court further finds the BDO Settlement set forth in the Stipulation is the result of arm's-length negotiations between

experienced counsel representing the interests of Plaintiffs, Settlement Class Members, and BDO. Accordingly, the BDO Settlement embodied in the Stipulation is hereby finally approved in all respects, and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. The Complaint is hereby dismissed with prejudice as to BDO. The Settling Parties shall bear their own costs and expenses, except as and to the extent provided in the Stipulation and herein.

8. In accordance with the terms of the Stipulation, the Settlement Class Members, their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents in their capacities as such, (the "Releasing Parties"), hereby forever release, relinquish, and discharge the Released Parties from any and all Settlement Class Claims. The Releasing Parties, and anyone acting or purporting to act for any of them, are hereby permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Settlement Class Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

9. In accordance with the terms of the Stipulation, BDO, on behalf of itself and its administrators, predecessors, successors, assigns, representatives, attorneys, and agents in their capacities as such, hereby forever releases, relinquishes, and discharges any and all BDO Claims which arise out of, concern or relate to the institution, prosecution, settlement, or dismissal of the Action against Plaintiffs, any of the Settlement Class Members, and Lead Counsel.

10. The Settling Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the BDO Settlement, or this Order and Final Judgment.

11. In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims which are brought by any Person or entity against BDO (a) for contribution or indemnification arising out of any Released Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to Plaintiffs or the Settlement Class, are hereby permanently barred and discharged. Any such claims brought by BDO against any Person or entity (other than Persons or entities whose liability to Plaintiffs or the Settlement Class is extinguished by this Order and Final Judgment) are likewise permanently barred and discharged, provided, however, that nothing in this Order and Final Judgment shall apply to bar or otherwise affect any claim, demands, rights, causes of action, liabilities, or defenses (a) between BDO and the Individual Defendants;

or (b) by BDO in connection with or arising out of the matter captioned *Levy* v. *Luo et al.*, No. 1:23-cv-00653 (D. Del.)(the "PIPE Action").

12. In the event any Settlement Class Member (including any Plaintiff) seeks to recover damages or any other form of monetary relief ("Damages") from any Person based upon claims that arise out of, or relate in any way to, the Released Claims, the Settlement Class Member shall give such person or entity the benefit of judgment reduction or offset equal to the greater of: (1) the amount of recovery obtained by the Settlement Class Member in connection with the BDO Settlement; (2) the amount of recovery the Settlement Class Member was eligible to obtain in connection with the BDO Settlement; or (3) the amount that corresponds to the percentage of responsibility of the Released Parties for the Damages.

13. The Court finds that the Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a) referred to or used against BDO or against Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

(b) construed against BDO or against Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given

hereunder represents the amount which could be or would have been recovered after trial;

(c) construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

(d) used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against BDO in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

15. Exclusive jurisdiction is hereby retained over BDO and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

16. Without further order of the Court, BDO and Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make with respect to the proposed Plan of Allocation or on Lead Counsel's application for an award of attorneys' fees and expenses.

19. In the event that the BDO Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated. The terms and conditions of the Stipulation shall govern any termination or the effect of any termination thereof.

Dated: June 18, 2026

HONORABLE MICHAEL E. FARBIARZ
UNITED STATES DISTRICT JUDGE